# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:12-cv-204-RJC

| | |
|---|---|
| MARVIN W. MILLSAPS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| PETER A. SMITH, Court Appointed | ) **ORDER** |
| Counsel, JASON R. PARKER, Assistant | ) |
| District Attorney, SARAH M. KIRKMAN, | ) |
| District Attorney, THEODORE S. ROYSTER, | ) |
| Superior Court Judge, Lexington 22B District, | ) |
| | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 1-1). Having conducted an initial review of the Complaint as required by 28 U.S.C. § 1915, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis, and the Court will dismiss this action with prejudice.

**I.     FACTS**

On December 28, 2012, pro se Plaintiff Marvin Millsaps, a state court inmate currently incarcerated at Albemarle Correctional Institution in Badin, North Carolina, filed the instant Complaint pursuant to 42 U.S.C. § 1983. The North Carolina Department of Public Safety records show that Plaintiff was convicted in Iredell County, North Carolina, on August 16, 2011, of possession of a firearm by a felon and of being a habitual felon. Plaintiff is serving a sentence of seven years and four months.

Plaintiff has named as Defendants in this lawsuit Peter A. Smith, Jason R. Parker, Sarah M. Kirkman, and Theodore S. Royster. At all relevant times, Defendants Kirkman and Parker served as the district attorney and the assistant district attorney, respectively, for North Carolina's Prosecutorial District 22A, and prosecuted Plaintiff in his criminal trial. The Honorable Theodore S. Royster presided over Plaintiff's criminal trial. Defendant Smith was Plaintiff's court-appointed attorney. Plaintiff's factual allegations are difficult to discern, but it appears that he is complaining that he received an unfair trial, that his trial counsel was ineffective, that Defendants conspired to commit fraud against him, and that he was the victim of a malicious prosecution by the government. Specifically, Plaintiff alleges in the Complaint:

> I discuss both statutes with court appointed counsel Peter A. Smith he put me on the should and said your right that Double Jeopardy what the state trying to process. At 8, 9, 11 arrangement Judge Royster said in open court. The prior assault conviction limitation had expired. Mr. Smith do you have anything to say he state no your honor. Judge Royster sat trial 8, 15, 16 Mr. Smith then wanted to renew motion Judge Royster denied motion renewed. Judge Royster state in habitualize sentencing phase. Now the law gives the Defendant that this decision not to testify creates no presumption against the Defendant. Upon sentencing Judge Royster went against his own words and the law he sentence me under the presumption range 88 to 115 months level 4, 10 points. Exculpatory evidence the asst. D.A. Jason Parker and D.A. Sarah M. Kirkman never put in discovery the assault conviction was reinstated in open court on January 30, 2006, by Senior Judge Christopher M. Collier under Chapter 13 and said Mr. Millsaps you are free to go. D.A. Kirkman or asst. DA Jason Parker never introduce 8, 1, 2001, maintaining pleading special matters with prosecutor and court appointed counsel for malpractice of counsel. Fraud, duress, mistake condition of the mind. In all averments of fraud, duress, or mistake, the circumstances constituting fraud of administration or mistake shall be stated with particularity as malice, intent, knowledge, and other condition of mind of a person may be averred generally. conditions precedent pleading the performance or occurrence is sufficient a denial of performance or occurrence. Official documentor act sufficient to aver that the document was issued or the act done in compliance with law.
>
> A vehicle for controlled substance was dismissal and court use the dismissal in habitualize with 2 points. Also information on position sell cocaine was dismissed and 4 points use to habitualize. The court appointed counsel

> represented me on grossly disproportionate detective . . . Vickie Jenkins is barred practicing law in North Carolina automatically the conviction should have been expunged from record. Peter A. Smith acted in concert with asst. D.A. Jason Parker and Sarah M. Kirkman in coerced the trial conviction. Judge Royster never properly instruction the jury in correct about both statutes possession of firearm by felon and habitual felon.

(Doc. No. 1 at 4-6). As relief, Plaintiff states, among other things, that he seeks release from prison and that he is innocent. (Id. at 6).

The Court first addresses Plaintiff's Motion to Proceed in Forma Pauperis. In support of the motion, Plaintiff has submitted his inmate trust account statement, which shows that as of December 20, 2012, Plaintiff had a balance of $0.00 in his account. See (Doc. No. 2 at 1). Because Plaintiff lacks sufficient funds with which to pay the filing fee, the Court will grant Plaintiff's Motion to Proceed in Forma Pauperis.

**II.     STANDARD OF REVIEW**

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

#### A. Heck v. Humphrey

The Court first finds that Plaintiff's Section 1983 is barred by the principles announced in Heck v. Humphrey, 512 U.S. 477, 486 (1994). In Heck, the U.S. Supreme Court held that "when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." See also Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (noting that Heck applies regardless of the type of relief sought). Thus, the Court must consider whether a judgment in Plaintiff's favor in this action would necessarily imply the invalidity of his conviction. If it would, the Court must dismiss the Complaint unless Plaintiff can demonstrate that the conviction has already been favorably terminated. Heck, 512 U.S. at 487.

Success on Plaintiff's claims would clearly imply the invalidity of Plaintiff's underlying conviction. Indeed, as relief, Plaintiff seeks "complete release" from prison. (Doc. No. 1 at 6). Plaintiff essentially alleges in the Complaint that he is actually innocent of the crimes for which he was convicted, that he is being falsely imprisoned, and that he would not have been convicted if Defendants had not committed fraud on the Court and engaged in malicious prosecution.

Furthermore, Plaintiff has not shown that his conviction has been favorably terminated. Therefore, the Complaint is barred by <u>Heck</u>.

### B. Defendants Parker, Kirkman, and Royster

In addition to being <u>Heck</u>-barred, Plaintiff's Section 1983 action must be dismissed on the merits. First, as prosecutors, Defendants Assistant District Attorney Parker and District Attorney Kirkman enjoy prosecutorial immunity from suit. In <u>Imbler v. Pachtman</u>, the Supreme Court held "that in initiating a prosecution and in presenting the States's case, the prosecutor is immune from a civil suit for damages under § 1983." 424 U.S. 409, 430 (1976). The <u>Imbler</u> Court "explained that prosecutors should be afforded absolute immunity when their 'activities were intimately associated with the judicial phase of the criminal process.'" <u>Nivens v. Gilchrist</u>, 444 F.3d 237, 250 (4th Cir. 2006) (quoting <u>Imbler</u>, 424 U.S. at 430).

Plaintiff does not allege in the Complaint that Defendants Kirkman and Parker were acting outside the scope of their traditional duties as prosecutors. Indeed, Plaintiff's allegations simply fail to raise any question but that Defendants Parker and Kirkman were acting within the realm of their "traditional prosecutorial duties." <u>Nivens</u>, 444 F.3d at 250. Therefore, Defendants Kirkman and Parker are entitled to absolute prosecutorial immunity.[1]

Similarly, Plaintiff's claims against Defendant Judge Royster must be dismissed because Judge Royster is entitled to absolute judicial immunity, as he was acting fully within his judicial capacity when he committed the alleged constitutional violations against Plaintiff. <u>See</u> <u>Imbler</u>, 424 U.S. at 419 (stating that judicial "immunity applies even when the judge is accused of acting

---

[1] To the extent that Plaintiff is seeking money damages against Kirkman and Parker in their official capacities, as state officials they are entitled to Eleventh Amendment sovereign immunity. <u>See</u> <u>Nivens v. Gilchrist</u>, 444 F.3d 237, 248 (4th Cir. 2006) (claims against district attorney in his official capacity were barred by the Eleventh Amendment and in his individual capacity by the doctrine of prosecutorial immunity).

maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences") (internal quotations omitted); Jackson v. Houck, 181 Fed. Appx. 372, 373 (4th Cir. 2006) (The doctrine of judicial immunity "attaches even if the act in question was in excess of [the judge's] authority.") (citing Mireles v. Waco, 502 U.S. 9, 12-13 (1991)); Imbler, 424 U.S. at 431.

### C. Plaintiff's Court-Appointed Counsel Defendant Smith

Finally, as to Plaintiff's claims against his court-appointed counsel Peter Smith, Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983. As its language indicates, Section 1983 applies only to persons acting under color of state law. It is well settled that a private attorney is not a person acting under color of state law and, thus, cannot be held liable under § 1983. See Bryant v. N.C. Prisoner Legal Servs. Inc., 1 F.3d 1232 (4th Cir. 1993) (unpublished table decision) ("NCPLS and its attorneys are not state actors amenable to suit under 42 U.S.C. § 1983."); see also Polk County v. Dodson, 454 U.S. 312, 318 (1981) (stating that "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983"). Thus, Plaintiff's claims against Defendant Smith are dismissed.

## IV. CONCLUSION

Having conducted a preliminary review of the Complaint in accordance with 28 U.S.C. § 1915(e)(2), the Court finds that Defendants Parker and Kirkman enjoy prosecutorial immunity, Defendant Royster enjoys judicial immunity, and Defendant Smith is not subject to suit in a Section 1983 action. Therefore, Plaintiff's claims against Defendants must be dismissed for failure to state a claim. Even if the Court were not dismissing Plaintiff's claims on the merits, this Section 1983 action would still be barred by Heck.[2]

**IT IS, THEREFORE, ORDERED** that:

(1) Plaintiff's Motion to Proceed in Forma Pauperis, (Doc. No. 1-1), is **GRANTED** for the limited purpose of this initial review.

(2) The Court dismisses with prejudice Plaintiff's claims for failure to state a claim. The Clerk is instructed to terminate this case.

(3) The Clerk is instructed to note on the docket report that dismissal of this case counts as a strike for purposes of 28 U.S.C. § 1915(g).

Signed: January 14, 2013

Robert J. Conrad, Jr.
Chief United States District Judge

---

[2] Dismissal under Heck is without prejudice so that a Section 1983 can refile his claims once he can show that his conviction has been invalidated. Here, however, regardless of whether Plaintiff's conviction is later invalidated, Plaintiff still has no claims against the named Defendants on the merits for the reasons stated herein. Thus, the Court is dismissing Plaintiff's claims with prejudice.